should permit Fox to retain the property as exempt if the facts did not show a design, on his part at least. with the concurrence of his partner, by such appropriation of partnership property, to escape, if possible, the payment of partnership debts. The sale of the partnership stock and the division of the proceeds, and the purchase of property supposed to be exempt and beyond the reach of creditors, and the offer to compromise, were acts done, in my opinion, for the purpose of compelling creditors to submit to the terms proposed. The exemption law was not enacted for, and cannot be invoked to aid, any such transaction. I do not mean to decide that one partner cannot purchase property with funds taken from the partnership and charged to himself, which by law he could hold as exempt, although at the time the firm was insolvent, but only that inasmuch as partnership property is ordinarily a fund for the payment of partnership debts, a deliberate intention, on the eve of bankruptcy, under the conceded facts in this case, to place property beyond the reach of creditors, is an effort to perpetrate a legal fraud which courts must take notice of, and the property must be regarded as partnership assets held in trust for creditors. See In re Handlin [Case No. 6,018]; In re Towne [Id. 14,-095]; In re Blodgett [Id. 1,555]; In re Boothroyd [Id. 1,652]. Also 39 Wis. 571; [Phipps v. Sedgwick] 95 U. S. 3; 22 Minn. 384; In re Sauthoff [Case No. 12,380]; Johnson v. May [Id. 7,397]; In re McKercher, 8 N. B. R. 410; In re Richardson [Case No. 11,776]; In re Rupp [Id. 12,141]; 25 Mich. 367.

The petition of the assignee is granted, and the bankrupt must turn over to him the property now in his possession.

---

MELVIN (FARMERS' & MECHANICS' BANK v.). See Case No. 4,656.

---

## Case No. 9,407.

### MELVIN v. LACKLAND.

[2 Cranch. C. C. 636.] [1]

Circuit Court, District of Columbia. Dec. Term, 1825.

TRIAL—EVIDENCE—PAPER READ TO JURY—CONSENT OF COURT.

No paper can be read in evidence to the jury without the leave of the court.

Mr. Coxe, for defendant, offered to read a paper in evidence to the jury, to which the plaintiff's counsel objected.

THE COURT (MORSELL, Circuit Judge, absent) was divided in opinion upon its admissibility. The question then occurred as to the effect of this division of opinion, that

is, whether the paper should be read or rejected.

THE COURT agreed, that no paper can be read in evidence to the jury, without the leave of the court; and as the court could not agree to admit it to be read, it must be considered as rejected. The paper was not read.

---

## Case No. 9,403.

### MEMORANDUM.

[1 Cranch, C. C. 114.] [1]

Circuit Court, District of Columbia. March Term, 1803.

COURTS—SESSIONS OF—CRIMINAL TRIALS.

On the first day of the adjourned session, Charles Lee moved for a special session, for the trial of criminal causes, and cited the acts of congress September 24, 1789 (Judiciary Act; 1 Stat. 73); February 13, 1801, § 8 (2 Stat. 89); and February 27, 1801, § 3 (2 Stat. 103).

THE COURT ordered a special session, to be holden on Wednesday next, for the trial of criminals, and a venire for a grand jury, &c.

The adjourned term from November, and the special court ordered for the trial of criminals, were held at the same time.

---

## Case No. 9,409.

### MEMORANDUM.

[1 Cranch, C. C. 159.] [1]

Circuit Court, District of Columbia. March Term, 1804.

COURTS—SESSIONS—ADJOURNED TERM.

The adjourned term is an extension of the preceding session.

The clerk had brought forward, from the rules held since November, all the office judgments in chancery cases.

THE COURT were of opinion that such causes were not regularly before them, the next term being the next succeeding court after the office judgments.

KILTY, Chief Judge, absent.

---

## Case No. 9,410.

### MEMORANDUM.

[1 Cranch, C. C. 253.] [1]

Circuit Court, District of Columbia. Sept. Term, 1805.

Mr. Mason's causes, which were non prossed at the former session of this term, were reinstated upon his stating that he was confined to his bed by sickness in the country, and unable to attend and to write.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. William Cranch, Chief Judge.]